Robert Watson Overland Park City Attorney City Hall, 8500 Santa Fe Drive Overland Park, Kansas 66212
Dear Mr. Watson:
You request an opinion concerning the use of the ignition interlock device in municipal court proceedings after a second or subsequent conviction for an alcohol related offense. The 1993 legislature amended K.S.A. 8-1015 in relevant part as follows:
 "Upon a person's second or subsequent conviction for an alcohol related offense and if the person had an alcohol concentration of .15 or more in the person's blood or breath, the convicting court shall restrict the person's driving privileges to driving only a motor vehicle equipped with an ignition interlock device. . . ." (L. 1993, ch. 259, sec. 7).
You make 5 inquiries regarding the ignition interlock device and its application. Your first query concerns the point at which the municipal court can restrict a person's driving privileges to driving a motor vehicle equipped with an ignition interlock device in light of the fact that a person with a second or subsequent DUI conviction will most likely have already had his or her license suspended by the division of motor vehicles for a one year period pursuant to K.S.A. 8-1002(e), as amended by L. 1993, ch. 259, sec. 2. In simple terms, why require a convicting court to restrict a person's driving privileges to driving with an ignition interlock device when the person's driver's license has already been suspended, and the person cannot legally operate a vehicle at all?
An ignition interlock system requires a driver to exhale into a unit (attached to the dashboard of an automobile) each time the automobile is started. If the driver's breath indicates the presence of alcohol the system locks the ignition so that the person is unable to drive the vehicle. The legislative history of 1993 House Bill No. 2355 (L. 1993, ch. 259) reveals an intent that the ignition interlock device be usedafter the expiration of the period of administrative suspension. Minutes, House Judiciary Committee, February 26, 1993. This intent is buttressed by a June 1, 1993 memo to all district and municipal court judges from the secretary of the department of revenue interpreting the interlock restriction.
 "On second or subsequent convictions, if a person had an alcohol concentration of .15 or more, the court is required to order the interlock device. The language of the amendment does not indicate that ordering an interlock device is in lieu of any suspension or restriction of driving privileges, nor does it specify the period of time the device is required.
 "It is our interpretation that the interlock restriction can only be effective after the required period of suspension. It also appears that the period of time for which the interlock will be effective is at the discretion of the convicting court. . . ."
Under the doctrine of operative construction, the interpretation of a statute by the administrative agency charged with the responsibility of enforcing that statute is entitled to great judicial deference. State,Department of Social and Rehabilitation Services v. Public EmployeeRelations Board, 249 Kan. 193 (1991), State ex rel. Stephan v. KansasRacing Commission, 246 Kan. 708 (1990). Also, to interpret the statute as requiring a convicting court to restrict a person's driving privileges by requiring an ignition interlock device when the person's license to drive has already been suspended administratively is absurd because it requires the performance of a useless act. According to statutory construction rules, a statute that is subject to interpretation is presumed not to be intended to produce absurd consequences but to have the most reasonable operation that its language permits. Mendenhall v.Roberts, 17 Kan. App. 2d 34, 42 (1992). A construction of a statute should be avoided which would render the application of the statute impracticable or inconvenient or which would require the performance of a futile act. Roberts at p. 42. Consequently, it is our opinion that a convicting court can only restrict a person's driving privileges to driving a motor vehicle equipped with an ignition interlock device after the period of administrative suspension has expired.
As far as its usage in municipal courts is concerned, the provision may have no practical application because the municipal court's jurisdiction is limited to sentencing the second time offender to a maximum term of one year in jail with a mandatory requirement of five consecutive days. K.S.A. 8-1567(e), as amended by L. 1993, ch. 259, sec. 8. If the court paroles the offender after that five day period, the term of parole may not exceed the one year limit. K.S.A. 12-4511. Consequently, in the majority of cases, the municipal court may lose jurisdiction over the offender (because of the expiration of the parole period) before the expiration of the administrative suspension.
On the other hand it is conceivable that a person may not be sentenced for the offense until six or seven months into the administrative suspension which would give the court sufficient time to require the ignition interlock device. The following scenario comes to mind:
January 1, 1993 — one year administrative suspension for failing blood alcohol test.
May 1, 1993 — person convicted of second or subsequent DUI offense with blood alcohol content greater than .15.
June 1, 1993 — person sentenced to mandatory consecutive five days imprisonment and parole for a period of one year.
June 6, 1993 — one year parole begins.
January 1, 1994 — administrative suspension expires. Ignition interlock restriction is applied.
June 6, 1994 — parole period expires.
Obviously, the court will have to know when the period of administrative suspension commences and the date the suspension expires so that it can determine whether it will still have jurisdiction over the person and, if so, the date to restrict the person's license to driving with an ignition interlock device.
We will respond to your other four queries in the order asked:
Is the duration or term of ignition interlock restriction withinthe discretion of the sentencing court?
Answer: This issue was raised by the department of revenue during committee hearings but is not addressed in the statute. Minutes, Senate Judiciary Committee, March 17, 1993, attachment 5. The memorandum from the department of revenue (cited herein) indicates that the duration of the restriction is discretionary with the sentencing court. As there is no limitation in the statute to this effect, it is our opinion that the court has the discretion to order the restriction for any period of time as long as it retains jurisdiction over the offender.
If the division has not "approved" any ignition interlock devices,is the sentencing court relieved of its statutory duty to order aninterlock restriction?
Answer: Our understanding is that the department of revenue has approved at least one and possibly two interlock ignition devices and that notice is being mailed to all sentencing courts.
Is the sentencing court obligated to order an interlock restriction ifthe court finds the only interlock device approved by the division to beunacceptable due to exorbitant user charges, unavailability or otherlegitimate concerns?
Answer: The department of revenue interprets the statute as requiring the license restriction and under the doctrine of operative construction, already mentioned herein, this interpretation is entitled to great deference. Consequently, it is our opinion that the court must restrict the offender's license upon a second or subsequent conviction where the blood alcohol content registers .15 or more. If the expense of the device and its installation is the issue, the court may reduce the amount of the fine correspondly. L. 1993, ch. 259, sec. 7(b)(4).
Must the court order that the device be installed on one vehicleor all vehicles owned by the defendant?
Answer: The plain language of the provision requires a restriction on the person's driving privileges which means that a person cannot drive any vehicle which does not have the device. From a practicable standpoint, if a person owns three vehicles, at least one is going to have to have the device or else the person will not be able to drive legally. It is our understanding that the department of revenue will issue a license to the person with an ignition interlock device restriction so if a person is stopped by a police officer and is not driving with an interlock device the person may be arrested for driving in violation of the license restriction.
Summarizing our opinion, a convicting court can only restrict a person's driving privileges to driving a motor vehicle equipped with an ignition interlock device after the period of administrative suspension has expired. Furthermore, the requirement of an ignition interlock device cannot be applied in municipal court cases if the court loses jurisdiction before the period of administrative suspension expires.
If a municipal court does have jurisdiction, it must restrict the person's driving privileges to driving only a motor vehicle equipped with an ignition interlock device, however, the duration of the restriction is completely discretionary with the court as long as it retains jurisdiction. Finally, the restriction means that a person is prohibited from driving any vehicle which does not have the device.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm